FILED
U.S. District Court
District of Kansas
11/13/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SONIA SAINNELUS,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center; and
SAMUEL OLSON, Field Office Director, ICE,

Respondents.

Case No. 26-3414-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. The Court declares that the Government's mandatory detention of petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful and that her detention is therefore governed by 8 U.S.C. § 1226(a), and the petition is granted to that extent. The Court declines to grant any other relief, and thus the petition is otherwise denied.

Petitioner alleges – and respondents do not dispute – that she is a native of Haiti who was paroled into the United States in 2023; that she has resided in the United States since that time; that she was arrested on August 24, 2026; that immigration officials subsequently detained petitioner; and that she is presently in custody in this judicial district.

On October 29, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, she had been present in the United States for a period of years when she was detained. Petitioner argues that, for that reason, her detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. Petitioner thus claims that her detention violates these statutes.

In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into the United States. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026)

(Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Khudyi*, and they therefore acknowledge that the reasoning of that case would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a); and that the Government has therefore violated these statutes by detaining petitioner under Section 1225(b)(2)(A). The Court grants petitioner's request for a declaration to that effect.

For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court has consistently concluded in similar cases that the most appropriate remedy for this violation is to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). Petitioner argues, however, that a bond hearing would not provide appropriate relief for the due process violation she has alleged. The Court need not decide whether the Government's detention of petitioner under Section 1225(b)(2)(A) instead of under Section 1226(a) not only violates the statutes but also violates due process, as the Court concludes that the same relief would be appropriate in either case – a bond hearing, the process denied by the violation.

In addition, petitioner has not shown that her detention under Section 1226(a) (as determined above) – with the availability of a bond hearing – violates due process. Petitioner has not addressed why her detention does not serve the legitimate purpose of securing her removal; and any challenge relating to her dangerousness or risk of flight may be asserted in a bond hearing. Petitioner has not shown that she is entitled to any additional process; nor has she identified any process allegedly due to her other than an individualized determination – and that process is already available to her under Section 1226(a). Petitioner has not cited any authority supporting the argument that her detention under Section 1226(a) violates due process; and the Court has previously held that the procedures available under that statute satisfy due process. *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.). The Court therefore denies any claim seeking petitioner's outright release.

As noted above, the Court would ordinarily order a bond hearing for a person improperly detained under Section 1225(b)(2)(A), but petitioner – in both the petition and her reply brief – explicitly states that she does not request a bond hearing as relief in the alternative to her request for release. Accordingly, the Court does not order a bond hearing in this case. The Court has granted petitioner's request for a declaration that her detention is governed by Section 1226(a), and petitioner is therefore free to request a bond hearing in immigration court. In light of that declaration, it is incumbent on the Government to ensure that any future bond request is considered on the merits.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. The Court declares that the Government's mandatory detention of petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful and that her detention is therefore governed by 8 U.S.C. § 1226(a), and the petition is granted to that extent. The Court declines to grant any other relief, and thus the petition is otherwise denied.

IT IS SO ORDERED.

Dated this 13th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge